## No. 38.

### LAURA GRIVOT v. RUFUS WAPLES.

1. Where appellant brings up a transcript which is clearly defective, and no attempt is made to cure its defects, the case being submitted to the court, the appeal will be dismissed *ex propria motu.*
2. Referring to a transcript previously prepared, upon another and distinct appeal, does not make that record a part of the latter transcript.

*Appeal from the Sixth District Court. Righter, Judge.*

*A. J. Ker.* for plaintiff.

Defendant in person.

McGLOIN, J.—The transcript in this case consists only of

the judgment appealed from, and writs and proceedings subsequent thereto. The clerk certifies that the record contains all proceedings had and documents filed since the date of his certificate, to a previous transcript prepared in the cause upon a former appeal. That transcript has not been filed in this Court, nor have we any evidence in the record that it was ever filed in the Supreme Court.

We can certainly not determine a cause where neither the pleadings nor the evidence are submitted to us. The case has been pending on appeal three years without any attempt upon the part of either appellant or appellee to supply deficiencies; if, indeed, appellant, having so palpably failed in his duty, under C. P. Arts. 585, 587, 588, would have been permitted to repair his omission. Under the circumstances, although appellee has not moved us so to do, we feel compelled to dismiss this appeal, *ex propria motu*, at appellant's costs.

In so doing, we are guided by the following authorities: Baumgard *v.* Mayer, 9 La. 119; Gilloulet *v.* Marcelin, 7 La. An. 442; Harris *v.* Hayes, 8 La. An. 433; Succession of Chew, 18 La. An. 229; Ruleff *v.* Nugent, 21 La. An. 299; Charbonnet *v.* Dupasseur, 27 La. An. 105; Spofford, judge, dissenting, in State *v.* Wilson, 13 La. An. 288. Of the foregoing cases, in 27 La. An. 105; 18 La. An. 229; 8 La. An. 433; 7 La. An. 442, the Court acted, as we are doing, *ex propria motu*.

In Ruleff *v.* Nugent, 21 La. An. 299, the certificate, as in this case, referred to a transcript then on file in the Supreme Court, and this was held not to make that preceding transcript a portion of the new record.

In the late case of Vredenberg *v.* Behan, 32 La. An. 561, the clerk in his certificate referred to two preceding transcripts, as in this, and the Supreme Court refused to dismiss. But the Court in that case does not impeach the authorities upon which our opinion is based, declaring that they did not apply to the case under consideration, which, it is stated, was "*sui generis.*" The special features of that case, rendering it peculiar, were that all of these separate transcripts were filed under the

same number in the Supreme Court, which was that of the first appeal, No. 7858, without objection, making them all practically parts of but one record.

The cases of City v. Lacroix, and City v. Cordeville, 18 La. An.'146, declare, it is true, that the Court in a contingency, such as this, will remand. But those cases are not well considered, referring to 9 La. 119, which is exactly to the contrary; and they also clash with the views, by the same bench, expressed in 18 La. An. 229. They are also in conflict with the current of decisions upon this question, which may also be said of the authority, State v. Wilson, 13 La. An. 288, where the Court, Judge Spofford dissenting, considered the record as though complete, and passed judgment upon the case.

Let the appeal herein be dismissed, at the cost of appellant.